MANN, Judge.
Hutchison answered appellee’s ejectment action by alleging title to about 80 of its acres by adverse possession. This claim rests upon their enclosure since 1922 within a large pasture which includes Hutchison’s other lands. The trouble is that he appended to his affidavit opposing summary judgment a sketch showing only that portion of his fence which traverses appellee’s land. Appellee’s officers filed an affidavit stating that “Defendant has not fenced the North, West, and South boundaries of the subject property, and has fenced only a portion of the East boundary of the subject property.” The trial judge took this to mean that the fence did not fully enclose the land and granted summary judgment for appellee. This would be proper if Hutchison were held to artistic accuracy, but the record shows that the sketch was not intended to show the entire fence, and that Hutchison is claiming, however artlessly, that appellee cannot enter the disputed land without crossing either Hutchi-son’s fence or a natural barrier which he alleges to be sufficient enclosure.
“Subject property” is shown by the entire record to be a highly ambiguous phrase. Hutchison’s fence need not be on the boundary of Harrell’s Groves’ parcel in order to perfect title by adverse possession. The semantic confusion which ap-pellee caused led an able trial judge into a misunderstanding of the conflicting allegations.
We accordingly reverse and remand for further proceedings.
LILES, A. C. J., and McNULTY, J., concur.